Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000896
29-JAN-2016
08:27 AM

NO. CAAP-14-0000896

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
YVONNE M. YOSHIMOTO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNE'OHE DIVISION
(1DTA-13-02223)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Yvonne M. Yoshimoto (Yoshimoto) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 28, 2014 in the District Court of the First Circuit, Kāne'ohe Division (District Court).[1]

Yoshimoto was convicted of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2015).

On appeal, Yoshimoto contends the District Court erred by (1) incorporating pretrial motions into the trial over her objection, (2) hearing pretrial motions on the same day as trial, (3) depriving her of the right to obtain transcripts of the pretrial motions' hearing, (4) denying her motion to dismiss for failure to define the term "alcohol" in the charge, (5) failing to find a Brady violation when the State demanded payment to

_____

[1] The Honorable Alvin K. Nishimura presided.

inspect discovery, and (6) denying her motion to dismiss for violation of Rule 48 of the Hawai'i Rules of Penal Procedure (HRPP) and failing to make any findings of fact to support the denial.

The State concedes that the District Court erred by failing to hold a separate hearing on Yoshimoto's motion to suppress prior to trial over Yoshimoto's objection.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yoshimoto's points of error as follows:

(1) Yoshimoto claims the District Court erred by incorporating testimony from her pretrial motions to suppress into the trial over her objection. The State concedes that this was reversible error under State v. Thomas, 72 Haw. 48, 805 P.2d 1212 (1991). "[A] motion to suppress made before trial shall be determined before trial[.]" HRPP Rule 12(e). "[F]ailure to decide a motion to suppress prior to trial constitutes reversible error." Thomas, 72 Haw. at 53, 805 P.2d at 1214 (citing State v. Rodgers, 70 Haw. 156, 776 P.2d 675 (1988)). "The only occasion where a court need not decide a motion to suppress prior to trial is where the parties agree to consolidate the hearing on the motion with trial pursuant to our holding in State v. Doyle, 64 Haw. 229, 638 P.2d 332 (1981)." Id. Yoshimoto filed several motions to suppress on November 13, 2013, prior to the start of her trial on May 28, 2014. Yoshimoto objected to incorporation of testimony for pretrial motions into trial. Therefore, the District Court erred by failing to determine Yoshimoto's motions to suppress prior to trial which constituted reversible error.

(2) Yoshimoto contends the District Court erred by conducting pretrial motions on the same day as trial. To the extent that Yoshimoto re-alleges that the hearing on pretrial motions should not have been incorporated with trial, that issue has been addressed above. Yoshimoto failed to cite where in the

2

record she objected to hearing pretrial motions on the same day of trial generally. Therefore, she has failed to preserve this point of error which we will disregard. Hawai'i Rules of Appellate Procedure Rule 28(b)(4).

(3) Yoshimoto contends that her due process rights were violated because she was denied the ability to obtain transcripts of testimony from pretrial motions when the motions were heard contemporaneously with trial. As noted above, the District Court erred by failing to determine the motion to suppress prior to trial. Therefore, the point of error is moot.

(4) The District Court did not err by denying Yoshimoto's motion to dismiss because the complaint was not fatally defective for failing to define the term "alcohol." State v. Tsujimura, CAAP-14-0001302, slip. op. at 4 (App. Jan. 27, 2016) and State v. Turping, 136 Hawai'i 333, 336-37, 361 P.3d 1236, 1239-40 (App. 2015), cert. denied, SCWC-13-0002957 (May 20, 2015).

(5) Yoshimoto contends that the District Court erred by denying Yoshimoto's motion to dismiss for violating Brady v. Maryland, 373 U.S. 83 (1963). Yoshimoto argues that it is unconstitutional to require payment to inspect discovery that the State has an obligation to disclose under Brady and HRPP Rule 16. The District Court found that there was no Brady violation because the State timely made discovery available but Yoshimoto refused to pay for copying costs.

We note that the State cites no authority for the proposition that it may condition the disclosure of Brady materials, or discovery in general, on the defendant paying copying costs. While it may be permissible for the State to charge a defendant for copying costs where the defendant requests copies of materials subject to disclosure, the State cannot condition the disclosure of Brady material or discovery on the payment for copies that the defendant only seeks to view. See HRPP Rule 16(e)(1) (providing that the parties may perform their disclosure obligations in any manner mutually agreed upon or by notifying the attorney for the other party that discovery materials may be "inspected, obtained, tested, copied or photographed at specified reasonable times and places"). Thus,

the District Court erred to the extent that it found no Brady violation because Yoshimoto refused to pay for copying costs. However, Yoshimoto did not take steps to ensure that the contested materials were included in the record on appeal. Accordingly, this court has no basis on which to determine whether the material withheld qualified as Brady material. On remand, the District Court should determine whether Yoshimoto is entitled to disclosure of the subject materials under Brady.

Discovery under HRPP Rule 16 is subject to the trial court's discretion in non-felony cases.[2] Relying on State ex rel Marsland v. Ames, 71 Haw. 304, 313-16, 788 P.2d 1281, 1286-88 (1990), Yoshimoto argued below that the State was required to provide "the relevant waiver forms, Intoxilyzer and/or blood test results, operational checklists, witness statements, and maintenance logs," without submitting a written request for disclosure or motion to compel discovery. Ames did not decide such information was required to be disclosed under Brady. In any case, the charge against Yoshimoto for violating HRS § 291E-61(a)(3) was dismissed with prejudice. Therefore, most of the requested information, pursuant to Ames, appears moot. Nonetheless, on remand, the District Court should determine the extent to which Yoshimoto is entitled to discovery under HRPP Rule 16(d) as it relates to a charge for violating HRS § 291E-61(a)(1).

(6) The District Court did not err by denying Yoshimoto's motion to dismiss for violation of HRPP Rule 48 without any findings of fact. Yoshimoto was arrested on May 6, 2013 and charged on June 4, 2013 with OVUII. Therefore, pursuant to HRPP Rule 48(b), Yoshimoto's trial must commence within 180 days from her arrest on May 6, 2013. State v. Hoey, 77 Hawai'i 17, 28, 881 P.2d 504, 515 (1994). On June 6, 2013 Yoshimoto filed a motion for a continuance of arraignment and plea from June 12 to July 10, 2013 which was granted. On June 24, 2013

---

[2] HRPP Rule 16 "is limited to cases in which the defendant is charged with a felony" except that "[u]pon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony[.]" HRPP Rule 16(a) and (d).

Yoshimoto filed a second motion for a continuance of arraignment and plea from July 10 to August 14, 2013 which was granted.[3] Both motions delayed the setting of a trial date. On November 13, 2013, Yoshimoto filed multiple motions to dismiss and motions to suppress. Yoshimoto's trial did not commence until May 28, 2014. However, as noted above, the District Court incorporated the hearings on Yoshimoto's motions to suppress with trial on May 28, 2014.

Excludable time periods for purposes of HRPP Rule 48 include "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel." HRPP Rule 48(c)(3). Thus the 28 and 35 days respectively, granted to Yoshimoto for her arraignment and plea were excludable because they delayed the setting of her trial date, and consequently extended the 180 day Rule 48 deadline from November 2, 2013 to Janaury 4, 2014.

Also excudable are "periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant[.]" HRPP Rule 48(c)(1). "For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss, to suppress, . . . " HRPP Rule 48(d)(1). Therefore, the time while Yoshimoto's motions to suppress were pending disposition, from November 13, 2013 to May 28, 2014, was also excluded for purposes of HRPP Rule 48 because the District Court did not dispose of the motions until the day of trial. State v. Sujohn, 64 Haw. 516, 520-21, 644 P.2d 1326, 1328-29 (1982). Therefore, HRPP Rule 48 was not violated.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 28, 2014

---

[3]     The order granting the continuance specified that the matter was continued to August 21 instead of August 14 as requested, but another motion to advance the matter back to August 14 was granted.

in the District Court of the First Circuit, Kāneʻohe Division is vacated and the case is remanded for a new trial.

DATED:  Honolulu, Hawaiʻi, January 29, 2016.

On the briefs:

Kevin O'Grady
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6